UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OREST BAIDAN,<br><br>   Plaintiff,<br><br>  v.<br><br>LEONE, ALBERTS & DUUS, APC, et al.,<br><br>   Defendants. | Case No. 25-cv-08455-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE;**<br><br>**REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 6 |

For the reasons discussed below, the Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that the first amended complaint be dismissed for lack of subject matter jurisdiction without further leave to amend and without prejudice to filing an appropriate complaint in state court.

**REPORT AND RECOMMENDATION**

**I.   BACKGROUND**

Orest Baidan, who is representing himself, filed this action on October 3, 2025, alleging violations of the Americans with Disabilities Act ("ADA").  Dkt. No. 1.  Mr. Baidan also filed an application to proceed in forma pauperis ("IFP").  Dkt. No. 2.  On October 17, 2025, the Court granted Mr. Baidan's IFP application and reviewed his complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 4.

As explained in the screening order, the original complaint alleged that Leone Alberts & Duus, APC ("Leone Alberts"); Katherine A. Alberts; Seth L. Gordon; and several placeholder Doe defendants (collectively, "defendants") violated the ADA.  *Id.* at 2.  Ms. Alberts and Mr. Gordon

are attorneys of the law firm Leone Alberts. *Id.* They represent the defendant in a civil action filed by Mr. Baidan and currently pending before this Court, *Baidan v. Shull*, No. 24-cv-03171-VKD ("*Shull* action"). *Id.* at 2-3. The original complaint asserted claims under the ADA for retaliation for "requesting reasonable accommodations in the discovery process," as well as for interference with Mr. Baidan's "exercise and enjoyment of rights protected by the ADA." *Id.* at 3. The original complaint did not identify the provisions of the ADA on which Mr. Baidan relied. *Id.* at 4.

As the crux of Mr. Baidan's claims appeared to relate to his access to the legal process in the *Shull* action, the Court construed the original complaint as an attempt to plead violations under Title II, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id*. The Court found that Mr. Baidan's allegations failed to state a plausible claim for relief because Title II applies only to public entities and defendants, a private law firm and private attorneys, are not public entities. *Id.* In addition, the Court found that because Mr. Baidan did not plausibly allege a claim of discrimination under the ADA, he could not assert claims of retaliation and interference. *Id.* at 4-5. The Court gave Mr. Baidan leave to file an amended complaint. *Id.* at 5-6.

On November 13, 2025, Mr. Baidan filed a first amended complaint, asserting two claims under the ADA: a Title III claim and a retaliation and interference claim. Dkt. No. 6 at 4-5. Mr. Baidan additionally asserts two state law claims: an Unruh Civil Rights Act claim and a Bane Act claim. *Id.* at 5-6. Mr. Baidan brings all claims against the same defendants as in the original complaint. *See id.* at 1.

As in the original complaint, the allegations in the first amended complaint arise from defendants' actions as attorneys for the defendant in the *Shull* action. *Compare* Dkt. No. 1 *with* Dkt. No. 6. Mr. Baidan alleges that on August 21, 2025, he sustained serious burn injuries requiring emergency treatment. Dkt. No. 6 ¶ 7. He states that he was prescribed medication and instructed to limit use of his dominant hand. *Id.* According to Mr. Baidan, his deposition in the *Shull* action was noticed for September 25, 2025. *Id.* ¶ 9. On September 24, 2025, he notified

defendants of his condition and asked to postpone his deposition to a date after October 21, 2025, the date he was scheduled to visit the burn clinic for evaluation and medical clearance. *Id.* ¶ 8. Mr. Baidan alleges that defendants stated that they would only reschedule Mr. Baidan's deposition if he "waive[d] all objections" to being deposed after the discovery cutoff date in the *Shull* action or they would record a nonappearance and seek sanctions. *Id.* ¶ 10. Mr. Baidan alleges that he "declined to waive future ADA rights but agreed to appear promptly upon medical clearance." *Id.* Despite that agreement, Mr. Baidan says that on September 25, 2025, defendants left Mr. Baidan a voicemail stating that they were waiting for his appearance at his deposition. *Id.* ¶ 11. He did not appear, and defendants filed a discovery dispute letter regarding Mr. Baidan's nonappearance for his deposition in the *Shull* action. *Id.* ¶ 12. Mr. Baidan asserts that defendants continued frequently contacting Mr. Baidan while he "remained under restriction." *Id.* ¶ 13. Mr. Baidan states that on October 21 and 22, 2025, defendants contacted Mr. Baidan, "acknowledging [p]laintiff's medical clearance to resume litigation activities," but then failed to promptly reschedule the deposition.[1] *Id.* ¶ 14.

Mr. Baidan asserts that defendants' conduct of "refusing a temporary modification to deposition scheduling absent a waiver of future ADA rights; threatening sanctions for asserting those rights; and sustained pressure before medical clearance followed by delay after clearance . . . denied equal access to [d]efendants' services and coerced, intimidated, and interfered with [p]laintiff's exercise of ADA rights." *Id.* ¶ 15. Mr. Baidan seeks injunctive relief, statutory damages, and costs and fees. *Id.* at 6.

**II.    REVIEW OF FIRST AMENDED COMPLAINT**

    **A.    Legal Standard**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious;

---

[1] In the *Shull* action, the dispute concerning the scheduling of Mr. Baidan's deposition has since been substantially resolved. *See Baidan v. Shull*, No. 24-cv-03171-VKD, Dkt. No. 77.

1  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
2  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[S]ection
3  1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v.*
4  *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

5  Federal courts have original jurisdiction over civil actions "arising under the Constitution,
6  laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if,
7  based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden*
8  *v. Discover Bank*, 556 U.S. 49, 60 (2009). Federal district courts have diversity jurisdiction over
9  civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of
10 interest and costs) and is between citizens of different states. 28 U.S.C. § 1332.

11 While pro se pleadings are liberally construed, a complaint does not state a claim if it fails
12 to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*
13 *Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include
14 facts that are "more than labels and conclusions, and a formulaic recitation of a cause of action's
15 elements will not do." *Bell Atl. Corp.*, 550 U.S. at 545. "Threadbare recitals of the elements of a
16 cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556
17 U.S. 662, 678 (2009). A claim is plausible if the facts pled permit the court to draw a reasonable
18 inference that the defendant is liable for the alleged misconduct. *Id.*

19 As a threshold matter, the Court must examine whether it has jurisdiction before
20 considering whether the complaint states any claims on which relief may be granted. *See*
21 *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal
22 court generally may not rule on the merits of a case without first determining that it has
23 jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal
24 jurisdiction)."); *see also* Fed. R. Civ. P. 12(h).

25 **B.     Discussion**

26 As noted above, the first amended complaint asserts two federal claims under the ADA and
27 two claims based on violations of California statutes. Dkt. No. 6 at 4-6. Because the sole basis for
28 federal subject matter jurisdiction is the assertion of claims arising under federal law, the Court

4

first considers whether Mr. Baidan has plausibly alleged any claim for relief under the ADA.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. The ADA's anti-retaliation provision states, in relevant part, that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). It is also unlawful under the ADA "to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." *Id.* § 12203(b).

Mr. Baidan asserts that Leone Alberts "is a place of public accommodation (a law office)." Dkt. No. 6 ¶ 5. Mr. Baidan alleges that defendants violated Title III of the ADA by refusing to reschedule Mr. Baidan's deposition "absent a waiver of future ADA rights" and "threaten[ing] sanctions and a recorded nonappearance" which denied Mr. Baidan's "full and equal enjoyment of [d]efendants' services." *Id.* ¶ 18.

Even assuming (without deciding) that Mr. Baidan sufficiently alleges that he is disabled within the meaning of the ADA, the Court concludes that these allegations fail to state a plausible claim under Title III of the ADA. Mr. Baidan alleges no facts indicating that defendants owned, leased, or operated any public facilities where the alleged violations occurred. Mr. Baidan's allegation that Leone Alberts is a "place of public accommodation" is conclusory and fails to establish that any physical office associated with Leone Alberts "is open to the general public," that he ever visited or attempted to visit such an office, or even that his deposition was scheduled to occur at such an office.[2] *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114

---

[2] According to the first amended complaint, Mr. Baidan's September 25, 2025 was noticed to occur by Zoom video conference and did not require his appearance at defendants' office. Dkt.

(9th Cir. 2000) ("[T]he term, 'place of public accommodation' [must] be interpreted within the context of the accompanying words, and this context suggests that some connection between the good or service complained of and an actual physical place is required."); *see also Guthrey v. Alta California Reg'l Ctr.*, No. 23-16056, 2024 WL 4002911, at *1 (9th Cir. Aug. 30, 2024) (affirming dismissal of Title III claim because plaintiffs failed to allege that defendant's "physical office is open to the general public"). Moreover, to the extent Mr. Baidan contends that defendants denied him "full and equal enjoyment of [d]efendants' services," the first amended complaint makes clear that Mr. Baidan was not seeking any services from defendants. According to Mr. Baidan, defendants are private attorneys representing the defendant in the *Shull* action. Defendants, as opposing counsel in the *Shull* action, do not provide their services to Mr. Baidan. For these reasons, Mr. Baidan does not plausibly allege a claim of discrimination under Title III. *See Louie v. Carichoff*, 300 F. App'x 579, 581 (9th Cir. 2008) (affirming dismissal of Title III claim and retaliation and intimidation claims against opposing attorney); *Serris v. Chastaine*, No. 22-cv-0434-JAM-CKD PS, 2022 WL 1122620, at *4 (E.D. Cal. Apr. 14, 2022) (dismissing Title III claim because "the opposing attorney is not a private entity and an owner, operator, or lessor of public accommodations"); *see also Baidan v. Romanovska*, No. 24-cv-04473 (N.D. Cal.), Dkt. No. 17 at 5 (recommending dismissal of similar claim), Dkt. No. 23 at 3-4 (adopting recommendation).

Additionally, Mr. Baidan alleges retaliation and interference under the miscellaneous provisions of Title IV of the ADA, 42 U.S.C. § 12203. Dkt. No. 6 at 5. Because Mr. Baidan does not allege a claim of discrimination under the ADA, which is "the predicate for any claim of retaliation and/or interference under [the ADA]," he cannot assert claims of retaliation and interference. *See, e.g.*, *McColm v. San Francisco Housing Auth.*, No. 02-cv-5810-PJH, 2007 WL 1575883, at *13 (N.D. Cal. May 29, 2007) (concluding that plaintiff could not state a claim for retaliation/interference under ADA where plaintiff did not allege a viable claim for discrimination under the ADA); *see also Arceneaux v. Marin Housing Auth.*, No. 15-cv-00088-MEJ, 2015 WL

---

No. 6 ¶ 11.

3396673, at *7 (N.D. Cal. May 26, 2015) (same).

Mr. Baidan's Title III claim and retaliation and interference claim against defendants are therefore subject to dismissal. Because the first amended complaint does not state a claim for relief under federal law, it is subject to dismissal for lack of subject matter jurisdiction. The Court does not review Mr. Baidan's claims asserted under state law.

### III.   CONCLUSION

Mr. Baidan has already been given one opportunity to amend his complaint. In addition, he was previously advised that "if the amended complaint fails to cure the defects described in [the October 17, 2025 screening order], the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed for failure to state a claim for relief." Dkt. No. 4 at 1. As discussed above, the allegations in the first amended complaint fail to state a claim for relief under federal law, and the Court finds no basis to conclude that there are additional facts that could be alleged on a further amendment to cure the deficiencies identified above. Accordingly, the Court recommends that the first amended complaint be dismissed for lack of subject matter jurisdiction without further leave to amend and without prejudice to filing an appropriate complaint in state court asserting state law claims.

Because not all parties have consented to magistrate judge jurisdiction, it is ordered that this case be reassigned to a district judge.

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: November 19, 2025

Virginia K. DeMarchi
United States Magistrate Judge

7